UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2003 NOV 21 P 12: 20
US DISTRICT COURT
HARTFORD CT

DONNA OWEN, Plaintiff,

v.

GEORGIA-PACIFIC, Defendant.

CIVIL ACTION NO. 3:03-CV-378 (DJS)

November 14, 2003

**CONSENT PROTECTIVE ORDER AS TO THE**
**PRODUCTION OF CONFIDENTIAL DOCUMENTS**

The parties having consented, they hereby respectfully request that the following Protective Order, pursuant to Fed. R. Civ. P. 26(c), be entered upon approval of the Court.

As used herein, the word(s) "document" or "documents" shall be taken to mean (a) all papers, documents, recordings of any kind and printed materials produced, furnished by, or obtained from Georgia-Pacific Corporation ("Georgia-Pacific" or "Defendant") through discovery in this action on or after the date this action was filed; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto which quote or reference directly the text of any such papers, documents, copies, extracts or summaries; (d) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto, which quote or reference the contents of any such papers, documents, copies, extracts, or summaries.

IT IS HEREBY ORDERED that:

1. All documents, together with information contained therein or obtained therefrom, produced by Plaintiff and/or Defendant shall be treated as confidential by all parties to this litigation and shall be used exclusively in connection with this litigation.

2. No documents shall be exhibited, or shown to any person except: (a) named parties – including Donna Owen – and attorneys of record representing named parties in this case; (b) persons employed by such attorneys in the preparation and trial of this case; (c) officers, agents, managers, and employees of Georgia-Pacific assisting counsel in preparation of the defense of this action; (d) potential deposition or trial witnesses who already know or have a need to know the content of the document; (e) officials of the Court; and (f) any other individuals with prior written consent by both parties or by order of the Court. Any person to whom disclosure is made shall be furnished with a copy of this Protective Order and shall be subject thereto.

3. Any inadvertently produced document about which a claim of work product or attorney/client privilege is asserted will be returned to its rightful owner, without any copies being made or retained, and will be regarded as not having been produced.

4. Any document filed with the Court shall be clearly marked "confidential" and shall be kept by the Clerk under seal and made available only to the Court and persons authorized by the terms of this Protective Order to have access thereto. The person filing any such designated documents shall inform the Clerk that

all or designated portions thereof are subject to this Protective Order and are to be kept under seal, except that upon the default of the filing party to so inform the Clerk, any party may do so.

5. Should either party object to the confidentiality of any document pursuant to this Order, the objecting party may apply to the Court by motion for a ruling that the document shall not be so treated, after giving ten (10) days written notice of such objection to the other party. Until the Court rules upon such a motion, the subject document shall be afforded the confidential treatment provided for in this Order.

6. Plaintiff will be entitled to full access to documents produced to Plaintiff and subject to this Order and all copies thereof for her review; except that with respect to such documents, at all times Plaintiff's counsel will retain sole possession of all documents, including documents containing information derived therefrom and all copies of such documents.

7. Prior to making disclosures to experts pursuant to paragraph 2 above, counsel shall inform experts that documents (and information therein) shall be used for the purpose of the prosecution or defense of this action only, and counsel for the parties shall obtain from such persons a written statement that they have read this Order, agree to be bound by its provisions, and shall comply with its terms and conditions. Counsel agree to retain in their possession all of the written statements signed by those persons, thereby keeping record of persons to which disclosures are made. All documents, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

8. At the conclusion of this litigation, all documents as defined above, including all copies thereof, shall be returned to the party who provided the document within twenty (20) days.

9. This Order is without prejudice to the right of any party to make modification or amendment of this Order by further order of the Court upon motion and notice.

SO ORDERED this _____ day of November, 2003.

______________________________
District Court Judge Presiding

AGREED AND CONSENTED TO:

DONNA OWEN

By: ______________________

Stephen P. Horner
Law Office of Stephen P. Horner
2183 Boston Post Road
Darien, Connecticut 06820

GEORGIA-PACIFIC

By: ______________________

Randall D. Avram
Richard D. Haygood
Kilpatrick Stockton LLP
3737 Glenwood Avenue, Suite 400
Raleigh, North Carolina 27612

Gregory B. Nokes
Cummings & Lockwood
CityPlace 1
185 Asylum Street
Hartford, Connecticut 06103-3495