## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DONNA OWEN** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civ. No.  3:03CV378(DJS)** |
| | : | |
| **GEORGIA-PACIFIC CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

Presently pending before the court is plaintiff Donna Owen's ("Owen") appeal of the

Clerk's Ruling dated October 31, 2005, which approved the Bill of Costs filed by defendant

Georgia-Pacific Corporation ("Georgia-Pacific") in the amount of $1,918.70.  Owen argues that

"it would be a great hardship to pay Georgia-Pacific's costs in this case."  Georgia-Pacific

counters that all of the costs it seeks are allowable under Rule 54 of the Local Rules of Civil

Procedure for the District of Connecticut ("D. Conn. L. Civ. R. 54") and the applicable statutes.[1]

Georgia-Pacific did not address whether Owen's financial condition should exempt her from the

normal incidents of litigation.  Rather, Georgia-Pacific contends that plaintiff did not file any

objections to the defendant's bill of costs and maintains that plaintiff's appeal did not comply

with D. Conn. L. Civ. R. 54.[2]

---

[1] <u>See</u> 28 U.S.C. § 1920.

[2] Local Rule 54(d) reads, "Any party may, within five (5) days of the entry of the Clerk's
ruling, apply to the Judge before whom the case was assigned for review of the Clerk's ruling on
the bill of costs.  Such application shall specify which portions of the Clerk's ruling are the
subject of the objection and shall specify the reasons therefor.  Any other party may respond to
such objection within five (5) days of the filing of such objection."  D. Conn. L. Civ. R. 54(d).

As a preliminary matter, the court will address Georgia-Pacific's concerns regarding Owen's failure to object to the defendant's bill of costs.[3] Owen's failure to object to Georgia-Pacific's bill of costs does not preclude review of the clerk's ruling. Although Local Rule 54(b) sets forth a procedure for objecting to a bill of costs, it does not condition review of the clerk's ruling on filing an objection before the clerk's ruling.[4] In addition, Local Rule 54(d), which governs review of the clerk's ruling, does not limit review of the clerk's ruling to instances where an objection was filed. See D. Conn. L. Civ. R. 54(d). Furthermore, this court finds persuasive the view of the Third Circuit that "[i]n the costs award context, the district court is conducting a de novo review of an essentially ministerial act of the clerk of court. It is important that the district court have access to all evidence relevant to help it insure that the imposition of a costs award is equitable." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 453 (3rd Cir. 2000). Accordingly, this court will conduct a de novo review of the clerk's ruling and evaluate the evidence submitted by Owen.

The defendant further argues that plaintiff's appeal should be denied because it did not specify the portions of the clerk's ruling that comprised the subject of the appeal or specify the reasons for the objection. Georgia-Pacific's argument fails because plaintiff's appeal makes clear that Owen is objecting to the award of $1,918.70 and includes statements such as: "the

---

[3] Although Georgia-Pacific argues that Owen did not object to its bill of costs, Georgia-Pacific does not contend that plaintiff waived her right to appeal the clerk's award of costs.

[4] Rule 54(b) provides, "Any objections to the bill of costs shall be filed with the Clerk within ten (10) days of the filing of the bill of coss and shall specify each item to which there is an objection and the reasons for such objection. The Clerk shall rule on any objection to the bill of costs. In the absence of a timely objection, the Clerk shall award costs in accordance with the provisions of this Local Rule." D. Conn. L. Civ. R. 54(b).

plaintiff appeals the award of costs in this matter due to her poor financial ability to pay such costs" and "for the above cited reasons, plaintiff respectfully requests that she not be ordered to pay Georgia-Pacific's cost in the instant matter."  This language demonstrates that plaintiff specified the subject matter of her objection as well as the reason for her objection.

Rule 54(d) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") generally governs the taxation of costs against an unsuccessful litigant in federal district court.  Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001).   Fed. R. Civ. P. 54(d) provides in pertinent part, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ."  Although "[t]he clerk of the court is charged with taxing such costs. . . that decision 'may be reviewed' by the district court . . . ."  In re Paoli, 221 F.3d at 453.  Indeed, "[a] district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself."  Whitfield, 241 F.3d at 269 (internal citations omitted).

"In exercising its discretion to tax costs, however, a district court should bear in mind that 'Rule 54(d) allows costs 'as of course' [and] such an award against the losing party is the normal rule obtaining in civil litigation, not an exception.'"  Simpson v. Denardo, No. 3:02cv1471(MRK), 2004 WL 2713230, at *1 (D. Conn. Nov. 22, 2004) (citing Whitfield, 241 F.3d at 270).  "As a general matter a district court may deny costs on account of a losing party's indigency, but indigency per se does not automatically preclude an award of costs."  Whitfield, 241 F.3d at 270 (citing McGill v. Faulkner, 18 F.3d 456, 459-60 (7th Cir.1994)).  When challenging the taxation of costs, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the

3

public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Whitfield, 241 F.3d at 270 (internal citations omitted). In the event that ". . . a prevailing party is denied costs, a district court must articulate its reasons for doing so." Id.

The clerk's ruling of October 31, 2005 awarded Georgia-Pacific the following costs: $1,723.70 in fees for obtaining transcripts necessarily used in the case; $45.00 in costs for procuring the exemplification and copies of papers necessarily obtained for use in the case; and $150.00 for costs associated with removing the case from the Superior Court of the State of Connecticut to federal court. Owen does not contest the amount awarded for the court reporter's fees under D. Conn. L. Civ. R. 54(c)(2). Nor does she contest the amount taxed for exemplification or copies of papers under D. Conn. L. Civ. R. 54(c)(3) or fees incurred for removing the case from state court under D. Conn. L. Civ. R. 54(c)(6). Rather, Owen "appeals the award of costs due to her poor financial ability to pay such costs."

In support of her claim, Owen submitted the following documentation: an affidavit attesting to her current financial condition; her 2004 federal and Connecticut tax returns; the Application for Waiver of Fees/Appointment of Counsel that she filed with the Connecticut Superior Court; and the fee waiver that the Superior Court for the State of Connecticut issued on October 24, 2005. Significantly, the Superior Court for the State of Connecticut found Owen "indigent and unable to pay."

Although Owen lost her lawsuit at the summary judgment stage, her claims were not frivolous. In addition, during the course of this litigation, Owen was never ordered to post a bond as security for costs under D. Conn. L. Civ. R. 83.3. Georgia-Pacific has not contested Owen's financial status or challenged Owen's claim that it would be inequitable to force Owen to

4

pay Georgia-Pacific's costs.  This court finds that the evidence submitted by Owen is credible and that it adequately demonstrates Owen's indigency.  Based on the foregoing, this court finds that it would be inequitable and unduly burdensome to force Owen to pay the cost award assessed by the clerk.

For the reasons set forth herein, this court hereby exercises its sound discretion and **VACATES** the Clerk of the Court's order assessing costs and **DENIES** defendant's motion for costs **(dkt. # 43)**.

So ordered this 28th day of November, 2005.

_____
                        **/s/DJS**

**DOMINIC J. SQUATRITO**

**UNITED STATES DISTRICT JUDGE**